**John Paul RICKERSON, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–03–00548–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 1, 2004.

David Stuart Barron, Bryan, for appellant.

Bill Ballard, Bryan, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

The jury convicted appellant of sexual assault and the trial court assessed punishment at fifty years' confinement in the

Texas Department of Criminal Justice, Institutional Division. Appellant contends (1) there was a material variance between the indictment and the proof at trial and (2) the trial court erred by admitting evidence of two extraneous sexual assaults. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2002, the complainant and her uncle went to a bar in College Station. The complainant met appellant at the bar. When the bar closed, a friend of appellant drove the complainant and her uncle from the bar to their motel. Appellant rode with them, and asked to be left at the motel. The complainant went to her room, while appellant helped her uncle to his room because he was heavily intoxicated.

The complainant left her room to go to the ice machine. Appellant met her there and asked her to go talk with him. When she refused, he dragged her to the back of the motel. She attempted to flee, but appellant threw her to the ground, got on top of her, and began removing her pants. When she started to scream, appellant choked her and rendered her unconscious by slamming her head against the concrete. When she awoke, appellant had finished removing her pants and underwear and was dragging her to a wooded area near the motel, where he sexually assaulted her.

## ANALYSIS

### I. Variance between the Indictment and the Proof at Trial.

In his first issue, appellant contends there was a material variance between the identification of the complainant in the indictment and the proof at trial. The indictment and jury charge both identified her as "Jane Doe 02–005831," but at trial, she answered affirmatively when asked if she was "the Jane Doe who's referred to in the indictment as 'Jane Doe 02–005821.'" Appellant, appellant's counsel, and the prosecutor otherwise referred to her by her legal name.

A variance between an indictment and the proof at trial will be fatal to a conviction only if it is material. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex.Crim. App.2001). A variance is material if it prejudices the defendant's substantial rights. *Id.* at 247–48. A defendant's substantial rights are prejudiced if (1) the indictment failed to inform the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial or (2) the indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.* at 248.

Appellant does not allege that the indictment failed to sufficiently inform him of the charge against him, and there is no indication in the record that appellant was misled by the indictment or surprised by the proof at trial. *See id.* at 258. Nor is appellant in danger of being prosecuted again for the same assault proved at trial; the entire record is examined for double jeopardy purposes, not just the indictment. *See id.* (citing *United States v. Apodaca*, 843 F.2d 421, 430 n. 3 (10th Cir.1988)); *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex.Crim.App.1998). The record is quite clear that the person on trial for this offense was appellant. Because appellant's substantial rights were not prejudiced, the variance was not material. We overrule appellant's first point of error.

### II. Evidence of Extraneous Offenses.

In his second and third issues, appellant contends the trial court erred by admitting evidence of two extraneous sexual assaults committed against girls under the age of

seventeen.[1] Appellant argues that the extraneous assaults were inadmissible because (1) the assaults lacked similarity to the charged offense, and (2) the probative value of the assaults was outweighed by their prejudicial effect because the assaults involved children.

## A. Rule 404(b).

First, appellant argues that the evidence of extraneous sexual assaults was inadmissible because the assaults lacked similarity to the charged offense. We will reverse a trial court's decision to admit evidence of an extraneous offense only upon a clear abuse of discretion. *See Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim.App.1997).

Evidence of an extraneous offense is admissible if it is relevant to show intent. Tex.R. Evid. 404(b); *Santellan*, 939 S.W.2d at 168–69. Intent is contested when a defendant accused of sexual assault raises the defensive theory of consent. *Webb v. State*, 995 S.W.2d 295, 298 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). Because appellant raised the defensive theory of consent, the evidence of the extraneous offenses is admissible if it is relevant to show intent.

Relevance to show intent is derived from the "doctrine of chances." *Plante v. State*, 692 S.W.2d 487, 491–92 (Tex.Crim. App.1985); *Brown v. State*, 96 S.W.3d 508, 512 (Tex.App.-Austin 2002, no pet.). As the Court of Criminal Appeals has explained:

> Where the material issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extraneous offense derives purely from: the point of view of the doctrine of chances—the instinctive recognition of

that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element [i.e. innocent intent] cannot explain them all....

....

> ... *It is not ... necessary to look for a general scheme or to discover a united system in all the acts; the attempt is merely to discover the intent accompanying the act in question; and the prior doing of other acts, whether clearly a part of a scheme or not, is useful as reducing the possibility that the act in question was done with innocent intent. The argument is based purely on the doctrine of chances, and it is the mere repetition of instances, and not their system or scheme, that satisfies our logical demand.*

> Yet, in order to satisfy this demand, it is at least necessary that prior acts should be *similar*.

*Plante*, 692 S.W.2d at 491–92 (quoting 2 John H. Wigmore, Evidence § 302 (Chadbourn rev.1979) (emphasis in original)). Although there must be a similarity between the charged offense and an extraneous offense, the similarity required is less than when identity is the issue. *Id.* at 492–93; *Brown*, 96 S.W.3d at 512–13.

The extraneous offenses do have sufficient similarities to the charged offense to be introduced to show intent. Each victim was acquainted with appellant. Each victim was completely surprised by appellant's actions. Each victim was around thirteen years of age. Each victim resisted appellant's advances. Each victim was restrained in the same way: appellant would straddle them and hold their arms

---

1. Appellant does not contest the admissibility of a third sexual assault, which was committed against one of the same girls when she was over the age of seventeen.

down. The trial court did not abuse its discretion in determining the extraneous offenses were relevant to show intent to commit the charged offense.

## B. Rule 403.

 Second, appellant argues the prejudicial effect of the evidence substantially outweighed its probative value because the assaults involved children. *See* TEX.R. EVID. 403. Evidence that is admissible under Rule 404(b) may nevertheless be inadmissible under Rule 403. *See Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim.App.1999). We will reverse a trial court's determination that the prejudicial effect of evidence does not outweigh its probative value only upon abuse of discretion. *Id.*

 In determining whether the probative value of evidence of an extraneous offense is outweighed by its prejudicial effect, we look to (1) how compellingly the evidence serves to make a fact of consequence more or less probable, (2) the potential the evidence has to impress the jury "in some irrational but nevertheless indelible way," (3) the time the State will need to develop the evidence, and (4) the force of the State's need for the evidence. *Id.* at 847.

 The first, third, and fourth factors weigh in favor of admission. As to the first factor, the evidence of extraneous offenses made it more probable that appellant intended to sexually assault the complainant. Appellant argues that the need for the extraneous offenses was not compelling because of the admission of a third extraneous offense to which he does not object. However, under the doctrine of chances, the extraneous offenses have a multiplicative effect; each additional offense makes the issue of intent more compelling. *See Plante*, 692 S.W.2d at 491–92 (explaining that the doctrine of chances

"eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all"); *Brown*, 96 S.W.3d at 512.

As to the third factor, the State did not require a significant amount of time to introduce evidence of the extraneous offenses, during which the jury was distracted from the charged offense. Out of a 289–page reporter's record, this testimony took up twenty-three pages.

As to the fourth factor, the State had a need for the evidence of the extraneous offenses. The evidence related to appellant's intent, the only contested issue. Appellant argues that the State had other compelling evidence of intent, such as testimony by appellant's wife that contradicted appellant's testimony, evidence that appellant attempted to flee, and impeaching evidence of the third extraneous sexual assault and other felony convictions. Although this evidence reduced the State's need for the extraneous offenses, it did not remove it entirely.

Although the second factor weighs in favor of excluding the evidence of the extraneous offenses, it is not compelling enough for the trial court to have abused its discretion. The Court of Criminal Appeals has stated that "sexually related misconduct and misconduct involving children are inherently inflammatory" and that even a limiting instruction may not neutralize the danger of such testimony. *Montgomery v. State*, 810 S.W.2d 372, 397 (Tex.Crim.App.1991, op. on reh'g). However, unlike in *Montgomery*, the testimony concerning the extraneous offenses was not extensive—a total of only twenty-three pages. And, although the prosecutor reminded the jury of the extraneous offenses in closing, she did not dwell on them. In accordance with the doctrine of chances, she used them, along with the testimony of

appellant's wife and another individual to point out that they all contradicted appellant. Thus, was it more likely that five people were lying or that appellant was lying? Finally, appellant's lawyer was well-prepared for cross-examination of both witnesses, and was able to raise some questions about their credibility, or at least make them appear less innocent.

Clearly, the testimony may have helped the jury make its decision, but the offenses were not so innately inflammatory that the jury would not have been able to consider them in an objective light. Unquestionably, the charged offense was more inflammatory than either of the extraneous offenses. We find it unlikely that the jury lost sight of the charged offense. In short, the trial court did not abuse its discretion in finding that the prejudicial effect of the evidence did not outweigh its probative value. We overrule appellant's second and third issues.

We affirm the judgment of the trial court.