Opinion filed October 23, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 23,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00086-CR 

                                                     __________

 

                                  ROBERT
DEAN BRYAN, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 32nd District Court

                                                          Nolan
County, Texas

                                                    Trial
Court Cause No. 10192

 



                                             M E M O R A
N D U M   O P I N I O N

 

The
jury convicted Robert Dean Bryan of indecency with a child and assessed his
punishment at confinement for twenty years.  We affirm.

Background
Facts 








Appellant
was indicted for indecency with a child.  S.P. was six years old at the time of
the offense and eight years old at the time of trial.  Appellant=s wife and S.P.=s mother were good
friends.  On the day of the charged offense, S.P. was spending the night with
appellant and his wife.  She slept in the bed between appellant and his wife. 
S.P. woke up during the night because appellant=s
hand was touching her on A[her]
private, [her] mouth, [her] thigh, and [her] chest.@  S.P. kept moving appellant=s hand away, and he kept
putting it back.  S.P. testified that appellant put his mouth on her mouth and
put his tongue in her mouth.  S.P. made an outcry to her mom the next day.          The
State provided notice to appellant that it was going to offer evidence of
appellant=s prior bad
acts and extraneous offenses under Tex.
R. Evid. 404(b).  Appellant filed a written objection to the admission
of this evidence, and the trial court held a pretrial hearing to determine the
admissibility of the evidence.  After the hearing, the trial court ruled that
it would allow the evidence at trial.

Issue
on Appeal

Appellant
asserts that the trial court erred in admitting, over appellant=s objection, testimony of
three witnesses alleging unadjudicated extraneous offenses and prior bad acts
to prove pattern and intent and to bolster the credibility of the complainant
contrary to Tex. R. Evid. 403 and
404(b).

Standard
of Review 

We
review the trial court=s
ruling on the admissibility of evidence under an abuse of discretion standard. 
Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001);
Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1991).  This standard
requires an appellate court to uphold a trial court=s admissibility decision when that decision is
within the zone of reasonable disagreement.  Powell, 63 S.W.3d at 438.

Rule
404(b) Character Evidence

Evidence
of other crimes, wrongs, or bad acts is not admissible for the purpose of
showing that the person acted in conformity therewith.  Rule 404(b); Montgomery,
810 S.W.2d at 386-88. However, this evidence may be admissible when it is
relevant to a noncharacter-conformity fact of consequence in the case, such as
intent, motive, identity, opportunity, preparation, plan, knowledge, or absence
of mistake or accident.  Rule 404(b); Powell, 63 S.W.3d at 438; Montgomery,
810 S.W.2d at 387-88.  Evidence of extraneous offenses or prior bad acts may
also be admissible to rebut a defensive theory.  Moses v. State, 105
S.W.3d 622, 626 (Tex. Crim. App. 2003).  When determining whether evidence of
extraneous offenses is admissible to rebut defensive theories, a trial court
may consider a defensive theory raised in an opening statement or raised by
cross-examination of State=s
witnesses.  Powell, 63 S.W.3d at 439; Ransom v. State, 920 S.W.2d
288, 301 (Tex. Crim. App. 1996).  The mere fact that a party introduces
evidence for a purpose other than character conformity does not, in itself,
make that evidence admissible.  Admissibility of evidence hinges on the
relevancy of the evidence to a Afact
of consequence@ in the
case.  Rankin v. State, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996). 
Evidence of other crimes, wrongs, or bad acts has noncharacter-conformity
relevance where it logically serves to make less probable defensive evidence
that undermines an elemental fact.  Powell, 63 S.W.3d at 438.








Balancing
Test Under Rule 403

Even
if evidence is admissible under Rule 404(b), the trial court may exclude the
same evidence if it determines that the probative value of such evidence is
substantially outweighed by its unfair prejudice.  Rule 403.  In determining
whether the probative value of evidence of an extraneous offense is outweighed
by its prejudicial effect, we look to (1) how compellingly the evidence serves
to make a fact of consequence more or less probable, (2) the potential the
evidence has to impress the jury Ain
some irrational but nevertheless indelible way,@
(3) the time the State will need to develop the evidence, (4) the force of the
State=s need for the evidence,
and (5) whether the misconduct was of such a nature that a jury instruction to
disregard it for any but its proffered purpose would likely have been without
effect.  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); Montgomery,
810 S.W.2d at 389-90; Rickerson v. State, 138 S.W.3d 528, 532 (Tex. App.CHouston [14th Dist.] 2004,
pet. ref=d). 
Accordingly, when the record reveals that one or more such relevant criteria
reasonably contributed to a risk that the probative value of the tendered
evidence was substantially outweighed by unfair prejudice, the evidence should
not have been admitted.  Montgomery, 810 S.W.2d at 392-93.

Analysis

A. 
Evidence at Trial.

In
its case-in-chief, the State first offered the testimony of S.P.  On
cross-examination, appellant=s
attorney attacked S.P.=s
credibility by asking if she made up stories at school and by asking if
appellant was sleeping as she had testified then how could appellant have
touched her.








Next,
the State offered the testimony of Officer Mark Taylor.  Officer Taylor
testified that he was the lead investigator in this case.  During the course of
his investigation, he met with appellant and appellant provided a statement. 
Officer Taylor read that statement into evidence.  Appellant said in his
statement that S.P. stayed the night at his house and later got into bed with
him and his wife.  Appellant denied ever touching S.P. except to move her when
she turned sideways in the bed.  Officer Taylor testified that, after appellant
finished giving the statement, he asked appellant if there was anything else he
wanted to add.  Officer Taylor testified that appellant stated that he believed
that S.P. had been coached and that her testimony could be manipulated. 
Officer Taylor testified that he asked appellant if he believed DNA
evidence could be manipulated and that appellant replied no.  Officer Taylor
testified that he asked appellant if he kissed S.P. on the mouth.  Appellant
stated that he forgot about that and asked to make a second statement. 
Officer Taylor testified that in the second statement appellant said that,
when he woke up, S.P. was on top of him kissing him.  Appellant told S.P. to
get off him because she was too young to play games like that.

B. 
Evidence of Extraneous Offenses and Prior Bad Acts.

Amanda
Bryan, appellant=s daughter,
testified that, when she was about seven, appellant touched her in the pubic
area while she was sleeping.  She also testified that, when she was sixteen,
appellant went into her room while she was sleeping and touched her on her
breast under her clothes.  She reported this incident and charges were filed,
but the charges were later dropped at her request.             Susan Bryan
Williams, appellant=s
ex-wife and the mother of Amanda Bryan, testified that, after she and appellant
were divorced, appellant visited the kids at her home in Monahans.  She stated
that, on one occasion, appellant visited the children and stayed the night on
the couch.  When she woke up, appellant was in her bed touching her breasts and
butt under the covers.

Cynthia
Ann Bundick, a cousin of Susan Williams, testified that, when she was seventeen
and pregnant, she was visiting appellant and Williams while they were still
married.  She testified that she was sleeping and that, when she woke up,
appellant was rubbing her belly underneath her clothes.

C. 
Application of Law to the Facts.








In
this case, the State argues that the evidence was used to rebut the defensive
theories that the incident that formed the basis for the indictment was not one
that demonstrated an intent to gratify appellant=s
sexual desires and that S.P. was the one who initiated the contact with
appellant.  The State further argues that the extraneous evidence goes to show
appellant=s modus
operandi in committing the offense.  Modus operandi refers to a defendant=s distinctive and
idiosyncratic manner of committing criminal acts.  Casey v. State, 215
S.W.3d 870, 880 (Tex. Crim. App. 2007).  Modus operandi usually refers to
evidence offered to prove identity.  However, evidence of similar acts might be
admissible to show lack of consent, motive, and the manner of committing an
offense under the doctrine-of-chances theory.  Id. at 881.  The
doctrine-of-chances theory is the instinctive recognition that eliminates the
element of innocent intent by multiplying instances of the same result until it
is perceived that this element cannot explain them all.  Plante v. State,
692 S.W.2d 487, 491‑92 (Tex. Crim. App. 1985).  The similarity required
of the extraneous offenses is less stringent under this theory than the
similarity required to show identity.  Plante, 692 S.W.2d at 492.

The
evidence of appellant=s
extraneous offenses and prior bad acts was admissible under Rule 404(b).  The
evidence was not used to show appellant=s
propensity for committing crimes or his bad character in general.  Appellant
relied on the defensive theory of lack of intent in that he had no intent to
gratify his sexual desire because he was merely adjusting S.P.=s position in bed or was
asleep when he touched her.  Appellant also raised the defense of consent by
saying that  S.P. climbed on top of him and kissed him.  The extraneous
offenses and prior bad acts rebutted these defensive theories and were used to
show appellant=s
intent and S.P.=s lack
of consent.  Further, because the prior bad acts were similar in that the
victims were asleep when appellant touched them, the evidence tends to show
appellant=s modus
operandi under the doctrine-of-chances theory.

The
evidence was admissible under Rule 403 because the probative value of the
evidence was not substantially outweighed by its prejudicial effect.  Because
this was a case of Ahe
said, she said@ and
intent is difficult to show in an indecency with a child case, the evidence had
great probative value for the State.  The evidence was not graphic but, rather,
similar to the evidence that the jury had already heard from  S.P. in the
charged offense.  The evidence did not affect the jury in an indelible way and
was not so outrageous that a jury instruction would not have any effect. 
Further, the evidence was quickly and clearly presented such that it did not
take too much time and was not confusing.  The trial court did not err in
allowing the evidence of appellant=s
extraneous offenses and prior bad acts.  We overrule appellant=s issue on appeal.

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

JUSTICE

October 23, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.