**Opinion filed October 23, 2008**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00086-CR

_____

## ROBERT DEAN BRYAN, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 10192**

### M E M O R A N D U M   O P I N I O N

The jury convicted Robert Dean Bryan of indecency with a child and assessed his punishment at confinement for twenty years. We affirm.

*Background Facts*

Appellant was indicted for indecency with a child. S.P. was six years old at the time of the offense and eight years old at the time of trial. Appellant's wife and S.P.'s mother were good friends. On the day of the charged offense, S.P. was spending the night with appellant and his wife. She slept in the bed between appellant and his wife. S.P. woke up during the night because appellant's hand was touching her on "[her] private, [her] mouth, [her] thigh, and [her] chest." S.P. kept moving appellant's hand away, and he kept putting it back. S.P. testified that appellant put his mouth on her mouth and put his tongue in her mouth. S.P. made an outcry to her mom the next day.

The State provided notice to appellant that it was going to offer evidence of appellant's prior bad acts and extraneous offenses under TEX. R. EVID. 404(b). Appellant filed a written objection

to the admission of this evidence, and the trial court held a pretrial hearing to determine the admissibility of the evidence. After the hearing, the trial court ruled that it would allow the evidence at trial.

### Issue on Appeal

Appellant asserts that the trial court erred in admitting, over appellant's objection, testimony of three witnesses alleging unadjudicated extraneous offenses and prior bad acts to prove pattern and intent and to bolster the credibility of the complainant contrary to TEX. R. EVID. 403 and 404(b).

### Standard of Review

We review the trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991). This standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Powell*, 63 S.W.3d at 438.

### Rule 404(b) Character Evidence

Evidence of other crimes, wrongs, or bad acts is not admissible for the purpose of showing that the person acted in conformity therewith. Rule 404(b); *Montgomery*, 810 S.W.2d at 386-88. However, this evidence may be admissible when it is relevant to a noncharacter-conformity fact of consequence in the case, such as intent, motive, identity, opportunity, preparation, plan, knowledge, or absence of mistake or accident. Rule 404(b); *Powell*, 63 S.W.3d at 438; *Montgomery*, 810 S.W.2d at 387-88. Evidence of extraneous offenses or prior bad acts may also be admissible to rebut a defensive theory. *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). When determining whether evidence of extraneous offenses is admissible to rebut defensive theories, a trial court may consider a defensive theory raised in an opening statement or raised by cross-examination of State's witnesses. *Powell*, 63 S.W.3d at 439; *Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1996). The mere fact that a party introduces evidence for a purpose other than character conformity does not, in itself, make that evidence admissible. Admissibility of evidence hinges on the relevancy of the evidence to a "fact of consequence" in the case. *Rankin v. State*, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996). Evidence of other crimes, wrongs, or bad acts has noncharacter-conformity relevance where it logically serves to make less probable defensive evidence that undermines an elemental fact. *Powell*, 63 S.W.3d at 438.

*Balancing Test Under Rule 403*

Even if evidence is admissible under Rule 404(b), the trial court may exclude the same evidence if it determines that the probative value of such evidence is substantially outweighed by its unfair prejudice. Rule 403. In determining whether the probative value of evidence of an extraneous offense is outweighed by its prejudicial effect, we look to (1) how compellingly the evidence serves to make a fact of consequence more or less probable, (2) the potential the evidence has to impress the jury "in some irrational but nevertheless indelible way," (3) the time the State will need to develop the evidence, (4) the force of the State's need for the evidence, and (5) whether the misconduct was of such a nature that a jury instruction to disregard it for any but its proffered purpose would likely have been without effect. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); *Montgomery*, 810 S.W.2d at 389-90; *Rickerson v. State*, 138 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Accordingly, when the record reveals that one or more such relevant criteria reasonably contributed to a risk that the probative value of the tendered evidence was substantially outweighed by unfair prejudice, the evidence should not have been admitted. *Montgomery*, 810 S.W.2d at 392-93.

*Analysis*

A. *Evidence at Trial*.

In its case-in-chief, the State first offered the testimony of S.P. On cross-examination, appellant's attorney attacked S.P.'s credibility by asking if she made up stories at school and by asking if appellant was sleeping as she had testified then how could appellant have touched her.

Next, the State offered the testimony of Officer Mark Taylor. Officer Taylor testified that he was the lead investigator in this case. During the course of his investigation, he met with appellant and appellant provided a statement. Officer Taylor read that statement into evidence. Appellant said in his statement that S.P. stayed the night at his house and later got into bed with him and his wife. Appellant denied ever touching S.P. except to move her when she turned sideways in the bed. Officer Taylor testified that, after appellant finished giving the statement, he asked appellant if there was anything else he wanted to add. Officer Taylor testified that appellant stated that he believed that S.P. had been coached and that her testimony could be manipulated. Officer Taylor testified that he asked appellant if he believed DNA evidence could be manipulated and that appellant replied no. Officer Taylor testified that he asked appellant if he kissed S.P. on the

3

mouth. Appellant stated that he forgot about that and asked to make a second statement. Officer Taylor testified that in the second statement appellant said that, when he woke up, S.P. was on top of him kissing him. Appellant told S.P. to get off him because she was too young to play games like that.

*B. Evidence of Extraneous Offenses and Prior Bad Acts.*

Amanda Bryan, appellant's daughter, testified that, when she was about seven, appellant touched her in the pubic area while she was sleeping. She also testified that, when she was sixteen, appellant went into her room while she was sleeping and touched her on her breast under her clothes. She reported this incident and charges were filed, but the charges were later dropped at her request.

Susan Bryan Williams, appellant's ex-wife and the mother of Amanda Bryan, testified that, after she and appellant were divorced, appellant visited the kids at her home in Monahans. She stated that, on one occasion, appellant visited the children and stayed the night on the couch. When she woke up, appellant was in her bed touching her breasts and butt under the covers.

Cynthia Ann Bundick, a cousin of Susan Williams, testified that, when she was seventeen and pregnant, she was visiting appellant and Williams while they were still married. She testified that she was sleeping and that, when she woke up, appellant was rubbing her belly underneath her clothes.

*C. Application of Law to the Facts.*

In this case, the State argues that the evidence was used to rebut the defensive theories that the incident that formed the basis for the indictment was not one that demonstrated an intent to gratify appellant's sexual desires and that S.P. was the one who initiated the contact with appellant. The State further argues that the extraneous evidence goes to show appellant's modus operandi in committing the offense. Modus operandi refers to a defendant's distinctive and idiosyncratic manner of committing criminal acts. *Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007). Modus operandi usually refers to evidence offered to prove identity. However, evidence of similar acts might be admissible to show lack of consent, motive, and the manner of committing an offense under the doctrine-of-chances theory. *Id.* at 881. The doctrine-of-chances theory is the instinctive recognition that eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all. *Plante v. State*, 692 S.W.2d 487,

4

491-92 (Tex. Crim. App. 1985). The similarity required of the extraneous offenses is less stringent under this theory than the similarity required to show identity. *Plante*, 692 S.W.2d at 492.

The evidence of appellant's extraneous offenses and prior bad acts was admissible under Rule 404(b). The evidence was not used to show appellant's propensity for committing crimes or his bad character in general. Appellant relied on the defensive theory of lack of intent in that he had no intent to gratify his sexual desire because he was merely adjusting S.P.'s position in bed or was asleep when he touched her. Appellant also raised the defense of consent by saying that S.P. climbed on top of him and kissed him. The extraneous offenses and prior bad acts rebutted these defensive theories and were used to show appellant's intent and S.P.'s lack of consent. Further, because the prior bad acts were similar in that the victims were asleep when appellant touched them, the evidence tends to show appellant's modus operandi under the doctrine-of-chances theory.

The evidence was admissible under Rule 403 because the probative value of the evidence was not substantially outweighed by its prejudicial effect. Because this was a case of "he said, she said" and intent is difficult to show in an indecency with a child case, the evidence had great probative value for the State. The evidence was not graphic but, rather, similar to the evidence that the jury had already heard from S.P. in the charged offense. The evidence did not affect the jury in an indelible way and was not so outrageous that a jury instruction would not have any effect. Further, the evidence was quickly and clearly presented such that it did not take too much time and was not confusing. The trial court did not err in allowing the evidence of appellant's extraneous offenses and prior bad acts. We overrule appellant's issue on appeal.

*Conclusion*

We affirm the judgment of the trial court.

RICK STRANGE
JUSTICE

October 23, 2008

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5