**Opinion issued August 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00917-CR

———————————

### KEITH LADALE WILSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Court Case No. 22281

## CONCURRING OPINION

I concur in the Court's judgment and join its opinion except with respect to its analysis of Appellant Keith Wilson's second issue. I disagree with the majority's conclusion that Wilson waived his challenge to the trial court's admission of extraneous-offense evidence due to inadequate briefing. I would

address the merits of Wilson's extraneous-offense-evidence issue and hold that the trial court did not abuse its discretion in admitting the complained-of evidence.

### *Wilson didn't waive*

In his second issue, Wilson argues that the trial court abused its discretion in admitting the testimony of a then-18-year-old woman who alleged that Wilson sexually assaulted her after the incident for which Wilson was on trial. In particular, Wilson argues that the extraneous-offense evidence should have been excluded because the facts and circumstances of the extraneous offense "were too dissimilar from those of the offense for which Wilson was on trial."

Wilson's 10,911-word brief devotes multiple pages to the extraneous offense issue. While his discussion of how the admission of this evidence harmed him is admittedly brief—and that is partly because it refers to and incorporates the brief's earlier summary of the guilt/innocence-phase evidence—it does include a zinger on harm: Wilson's previous trial, at which the extraneous offense evidence was not admitted, ended in a hung jury.

The State did not even argue in its brief that Wilson had waived the issue by inadequate briefing. Nevertheless, the majority faults Wilson for his failure to "argue that he was harmed" by the admission of extraneous-offense testimony. While Wilson certainly could have made more hay about harm, the Court of Criminal Appeals has made clear that "no burden to show harm should be placed

on the defendant who appeals." *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (citing *Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000)). Complete yet cogent briefing is ideal, but appellate courts should not find briefing waiver just because that high standard is not met. *See State v. Copeland*, No. PD-1802-13, 2014 WL 5508985, at *6 (Tex. Crim. App. Oct. 22, 2014) ("Briefing rules are to be construed liberally, and substantial compliance with the Texas Rules of Appellate Procedure is sufficient to avoid waiving the right to appeal an issue."). Rather, it is the duty of the reviewing court to assess harm from the context of the error. *Johnson*, 43 S.W.3d at 4; *Ovalle,* 13 S.W.3d at 787–88. The majority thus erred in concluding that Wilson waived his issue by failing to "argue that he was harmed." It should have reached the merits of Wilson's complaint.

### *The trial court did not abuse its discretion in admitting the extraneous offense evidence*

Texas Rule of Evidence 404(b)(1) prohibits the admission of extraneous offense evidence to prove a person's character to show that the person acted in conformity with that character. TEX. R. EVID. 404(b)(1). However, extraneous offenses may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See id.* 404(b)(2); *Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex. Crim. App. 1991). And evidence of extraneous acts may also be admissible to rebut defensive theories. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).

In the prosecution for sexual assault of an adult, the State must prove that the defendant engaged in the conduct intentionally and knowingly without the complainant's consent. By raising the defensive theory of consent, the defendant necessarily disputes his intent to engage in the alleged conduct without the complainant's consent and thereby places his intent at issue. *Rubio v. State*, 607 S.W.2d 498, 501 (Tex. Crim. App. 1980); *Brown v. State*, 96 S.W.3d 508, 512 (Tex. App.—Austin 2002, no pet.).

Here, the State offered evidence of the extraneous sexual assault to prove intent and rebut Wilson's defensive theory that the complainant consented to sexual intercourse. Wilson argues that the evidence of the extraneous offense is inadmissible under Rule 404(b) because the offense is not similar enough to the sexual assault of the complainant to be used to "rebut[] [appellant's] defensive theory of consent, or [to] show[] his intent of having sex with an unconscious, non-consenting woman." I disagree.

The extraneous offense witness testified that Wilson penetrated her from behind, without her consent, while she was facing forward and believed that she was engaging in sexual intercourse with a different man. She also testified that she had not been aware of Wilson's presence nearby until after she realized that Wilson was penetrating her. Wilson had hidden. The circumstances in the charged offense were not identical. The complainant was unaware of Wilson's presence in

4

the room in which she was sleeping due to her intoxication, not Wilson's hiding. But the gist of both incidents was the same: Wilson sexually assaulted a woman who was not aware of his presence until after the sexual assault. *See Cantrell v. State*, 731 S.W.2d 84, 90 (Tex. Crim. App. 1987) (degree of similarity required between charged and extraneous offense is not as great when intent, as opposed to identity, is material issue); *Brown*, 96 S.W.3d at 512–13 (when defensive theory of consent raised in prosecution for sexual assault, intent is material issue, and degree of similarity required between charged and extraneous offense need not be as great as when identity is material issue); *see, e.g.*, *Brown v. State*, No. 01-11-00462-CR, 2012 WL 1893700, at *4 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (mem. op., not designated for publication) (finding extraneous offenses sufficiently similar where each sexual assault victim testified she did not consent and defendant threatened her, despite assaults occurring in different locations and involving different acts); *MacKenzie v. State*, No. 03-05-00731-CR, 2006 WL 3923608, at *3 (Tex. App.—Austin Jan. 22, 2006, pet. ref'd) (mem. op., not designated for publication) (finding extraneous offense sufficiently similar where "[i]n both incidents, the women deny consenting or even being aware of [defendant's] presence before awakening to discover the sexual activity in progress"). Accordingly, I would hold that there is sufficient similarity between the extraneous offense and the charged offense to render the extraneous offense

evidence probative of Wilson's intent and therefore not inadmissible under Rule 404(b).

I would further hold that, considering the relevant factors, the probative value of the extraneous-offense evidence was not substantially outweighed by the danger of its unfair prejudice. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (identifying factors). A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *See id.*

First, Wilson testified that the complainant consented, and the complainant swore the opposite was true. Consent was thus the central issue at trial and evidence tending to prove the absence of consent would be quite probative. *See, e.g.*, *Dilg v. State*, No. 07-13-00160-CR, 2014 WL 458019, at *4 (Tex. App.— Amarillo Jan. 29, 2014, no pet.) (mem. op., not designated for publication) (noting probative value of extraneous offense evidence when "he said, she said" situation exists and consent is pivotal issue at trial).

Second, while the extraneous offense evidence was charged by its very nature, the trial court correctly instructed the jury that it "may only consider such evidence as evidence of intent or to refute the defensive theory of consent" and may not consider such evidence "for any other purpose." The charge included a

similar limiting instruction, minimizing the likelihood that the jury would use the extraneous offense evidence improperly. *See Blackwell v. State*, 193 S.W.3d 1, 15 (Tex. App. —Houston [1st Dist.] 2006, pet. ref'd) ("The trial court's instructions to the jury are a factor to consider in determining whether the jury considered the extraneous-offense evidence improperly . . . .").

The last two factors also weigh in favor of admissibility. The State did not spend an inordinate amount of time presenting the extraneous-offense evidence. Roughly 55 pages of approximately 515 pages (or about 11 percent) of the testimony during the trial's guilt/innocence phase related to the extraneous offense. *See Rickerson v. State*, 138 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (noting "[o]ut of a 289-page reporter's record, th[e] testimony took up twenty-three pages"). And Wilson defended on the theory that the complainant consented to engaging in sexual intercourse, making the State's need for the extraneous offense evidence considerable. Considering all of these factors, the trial court correctly overruled Wilson's Rule 403 objection. The trial court's admission of the extraneous-offense evidence was not an abuse of discretion.

## Conclusion

The majority incorrectly finds briefing waiver and fails to address the merits of Wilson's issue regarding the admissibility of the extraneous offense evidence. But, having considered the issue on the merits, I conclude that the trial court did

7

not abuse its discretion in admitting the complained-of extraneous-offense evidence. Accordingly, I respectfully concur.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Huddle, J. concurring.

Publish. TEX. R. APP. P. 47.2(b).