Antonio **DELACRUZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–07–00849–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 29, 2009.

Stanley G. Schneider, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and Senior Justice HUDSON.[*]

## OPINION

JOHN S. ANDERSON, Justice.

A jury found appellant, Antonio Delacruz, guilty of capital murder and the trial court assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon 2003). In three issues, appellant argues (1) the evidence is factually insufficient to prove he intentionally caused the death of the complainant, (2) the evidence is factually insufficient to prove the aggravating element of intent to commit robbery, and (3) the trial court erred by refusing to instruct the jury on the lesser-included offense of murder. We affirm.

### FACTS AND PROCEDURAL HISTORY

During the evening of August 31, 1998, appellant and Jose Garcia stopped at a

[*] Senior Justice HARVEY HUDSON sitting by assignment.

friend's house where appellant, Mr. Garcia, and David Guzman discussed robbing and setting fire to Nicholas Acosta's house. Shortly thereafter, appellant and Mr. Garcia left their friend's house and arrived at Mr. Acosta's residence. Upon arrival, Mr. Acosta was lying down on his living room couch, watching television, and the three men talked briefly. A little while later, the men went outside and a brief drug transaction took place between Mr. Acosta and appellant in which appellant purchased a small amount of cocaine. Afterward, the men returned to Mr. Acosta's living room, upon which Mr. Garcia went into the restroom. While in the restroom, Mr. Garcia heard fighting and commotion. Upon exiting the restroom, Mr. Garcia observed appellant choking Mr. Acosta. Mr. Garcia believed Mr. Acosta was dead. Appellant left the living room and returned with a knife and told Mr. Garcia if he said anything or did not help him he was "not going to make it." Mr. Garcia held Mr. Acosta down while appellant repeatedly stabbed Mr. Acosta. Appellant gave Mr. Garcia his keys to retrieve his truck and Mr. Garcia left Mr. Acosta's house, taking Mr. Acosta's cash on the way out the door. But instead of retrieving the truck to pick up appellant, Mr. Garcia drove away. After Mr. Garcia left the scene, appellant struck Mr. Acosta in the head with a twenty-five pound barbell more than once. Appellant also acquired a black duffel bag from Mr. Acosta's residence, with cocaine inside. Mr. Garcia drove home and eventually called the police. He then drove around in appellant's truck looking for appellant. Mr. Garcia found appellant walking toward the Garcia house wearing rubber gloves and holding a black bag he did not have prior to entering Mr. Acosta's house. Mr. Garcia pulled over, returned appellant's vehicle to him, and appellant drove away.

After the police responded to Mr. Garcia's report of the murder, Houston Police Officer E. Albarado met with Mr. Garcia to get a description of appellant and appellant's vehicle. Sergeant J. Parker, responding to dispatch, drove in the direction of the crime scene and observed a truck matching the description of appellant's truck traveling at a high rate of speed driven by a man matching appellant's description. Sergeant Parker attempted to pull the vehicle over, upon which appellant stopped the truck, stepped out of the vehicle, and turned toward Sergeant Parker. When Sergeant Parker ordered appellant to get down on the ground, appellant jumped back in his truck, put his vehicle in reverse, and rammed the patrol car at a high rate of speed, almost driving up through Sergeant Parker's windshield. Appellant then led Sergeant Parker and other officers on a high speed chase lasting approximately fifteen miles until appellant drove through a chain link fence into a field. During the chase, officers observed appellant remove his shirt, and observed flames and smoke in the vehicle. After the chase ended, appellant exited the vehicle as it erupted into flames. Subsequently, appellant grabbed a gas can, poured gasoline onto his body, and ignited himself with a lighter. Appellant, his body in flames, attempted to run from officers. Eventually, officers caught up with appellant and were able to put out the flames with a shirt. Appellant was transported to a nearby hospital.

Although appellant's truck suffered extensive fire damage, evidence was preserved. Appellant's blood spattered pants with Mr. Acosta's blood were recovered,[1]

1. Christopher Duncan, a police officer with the City of Houston, testified the size, shape, and distribution of the blood spatter pattern

along with $302 in the pants pocket. Further, charred remains of a black Nike duffel bag which tested positive for trace amounts of cocaine was recovered from the cab of the truck. Additionally, Mr. Acosta's keys were found.

On September 20, 2007, after hearing the evidence, a jury found appellant guilty of capital murder. The trial court sentenced appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

## DISCUSSION

### A. Is the evidence factually sufficient?

In appellant's second and third issues he argues the evidence is factually insufficient to prove (1) he intentionally caused the death of the complainant and (2) the aggravating element of intent to commit robbery.[2] According to appellant, there was sufficient evidence to show he was present at the scene of the offense, but the only evidence tending to show his guilt was through Mr. Garcia's testimony, an accomplice witness, and the State failed to meet the proper standard for corroborating his testimony. Additionally, appellant contends Mr. Garcia's testimony was greatly outweighed by contrary evidence and was too inconsistent to rationally support a finding of guilt beyond a reasonable doubt. He also urges there was no other evidence of sufficient probative value to prove an intent to commit robbery.

### 1. Standard of Review

In a factual sufficiency review, we consider all the evidence in a neutral light.

*Prible v. State,* 175 S.W.3d 724, 730–31 (Tex.Crim.App.2005). The evidence may be factually insufficient in two ways. *Id.* at 731. First, when considered by itself, evidence supporting the verdict may be so weak the verdict is clearly wrong and manifestly unjust. *Id.* Second, where the evidence both supports and contradicts the verdict, the contrary evidence may be strong enough the beyond-a-reasonable-doubt standard could not have been met. *Id.* In conducting a factual sufficiency review, we must employ appropriate deference so we do not substitute our judgment for that of the fact finder. *Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim.App.1996). Our analysis must consider the evidence appellant claims is most important in allegedly undermining the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim. App.2003).

### 2. Analysis

■ A person commits the offense of capital murder if he commits murder as defined under Section 19.02(b)(1) of the Texas Penal Code, and he intentionally commits the murder in the course of committing or attempting to commit a robbery. Tex. Penal Code Ann. § 19.03(a)(2). Appellant argues the physical evidence does not prove he was guilty of murder beyond a reasonable doubt. Further, he contends the testimony of Mr. Garcia, the accomplice witness, was so self-contradictory, implausible, and impeached, it cannot support a finding of guilt beyond a reasonable doubt. These arguments fail.

on appellant's pants were similar to the patterns found at the scene of the offense.

2. Because a factual-sufficiency review begins with the presumption that the evidence supporting the jury's verdict is legally sufficient, and because appellant challenges only the fac-

tual sufficiency of the evidence, appellant effectively concedes the evidence is legally sufficient to sustain the conviction. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App. 1997); *Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996).

Article 38.14 of the Texas Code of Criminal Procedure states: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). The Court of Criminal Appeals, in interpreting Article 38.14, has held it is not necessary that the corroborating evidence directly connect the defendant to the crime or that it be sufficient by itself to establish guilt; the corroborating evidence need only tend to connect the defendant to the offense. *Cathey v. State*, 992 S.W.2d 460, 462 (Tex.Crim.App.1999), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000); *McDuff v. State*, 939 S.W.2d 607, 613 (Tex.Crim.App.1997), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). If the combined weight of the non-accomplice evidence tends to connect the defendant to the offense, the requirement of Article 38.14 has been fulfilled. *Cathey*, 992 S.W.2d at 462. The test for sufficient corroboration is to eliminate from consideration the accomplice testimony and then examine the other inculpatory evidence to ascertain whether the remaining evidence tends to connect the defendant with the offense. *McDuff*, 939 S.W.2d at 612.

Here, the physical evidence is sufficient to corroborate Mr. Garcia's testimony that appellant committed the offense. Mr. Garcia testified appellant intended to rob Mr. Acosta and then set fire to his residence. He also testified appellant caused the death of Mr. Acosta by stabbing him with a knife. Further, he testified he saw appellant after the offense carrying a black duffel bag appellant did not possess prior to entering Mr. Acosta's house.

After eliminating from consideration Mr. Garcia's testimony, the following corroborating evidence exists. The corroborating evidence remaining includes the blood spatter on appellant's pants which demonstrates appellant was in close proximity to Mr. Acosta when he was attacked. The size, shape, and distribution of the blood spatter pattern on appellant's pants were similar to the patterns found at the scene of the offense. Furthermore, investigators found traces of cocaine in a black Nike duffel in appellant's truck along with $302 in cash and Mr. Acosta's keys. Additionally, appellant's flight from Sergeant Parker and other officers from near the scene of the offense serves as additional circumstantial evidence of his guilt. *Allen v. United States*, 164 U.S. 492, 498–99, 17 S.Ct. 154, 156, 41 L.Ed. 528 (1896); *see Fentis v. State*, 582 S.W.2d 779, 781 (Tex.Crim.App.1976) (holding evidence of flight connected with the offense is relevant as circumstantial bearing upon guilt). When eliminating from consideration Mr. Garcia's testimony, we hold the remaining evidence, recounted above, tends to connect appellant with the offense. Thus, Mr. Garcia's testimony is sufficiently corroborated.

Furthermore, even if Mr. Garcia's trial testimony contradicted his prior statements to investigators, it is the responsibility of the jury to resolve any conflicts in the testimony. *See Jones v. State*, 984 S.W.2d 254, 258 (Tex.Crim.App.1998) (holding a jury may believe or disbelieve all or part of any witness' testimony and decide the weight and credibility to attribute to the witness' testimony). Here, after hearing the evidence, the jury is entitled to believe appellant committed the offense. *See Wyatt v. State*, 23 S.W.3d 18, 30 (Tex.Crim.App.2000) (holding the jury is the sole judge of the facts, the credibility of the witnesses, and weight to be given to the evidence).

Viewing the evidence in a neutral light, we hold the evidence supporting the verdict is neither so weak the verdict is clearly wrong and manifestly unjust, nor is the contrary evidence so strong the beyond-a-reasonable-doubt standard could not have been met. *See Prible,* 175 S.W.3d at 730–31. Thus, the evidence is factually sufficient to support appellant's conviction. We overrule appellant's second and third issues.

**B. Did the trial court err by refusing to instruct the jury on the lesser-included offense of murder?**

In appellant's first issue, he contends the trial court erred by refusing to instruct the jury on the lesser-included offense of murder. Appellant argues he was entitled to the instruction because the State failed to prove he committed the murder during the course of committing a robbery. Specifically, appellant contends the evidence does not show he formed the intent to take property from Mr. Acosta at or before the time he killed him; rather the evidence shows the taking was an afterthought, or alternatively, no property was appropriated at all.

### 1. Standard of Review

A defendant is entitled to an instruction on a lesser-included offense if (1) the lesser-included offense is a lesser-included offense of the charged offense and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State,* 188 S.W.3d 185, 188 (Tex.Crim.App.2006). In making this determination, we must review all the evidence admitted at trial. *Enriquez v. State,* 21 S.W.3d 277, 278 (Tex. Crim.App.2000); *Paz v. State,* 44 S.W.3d 98, 100 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd). If more than a scintilla of evidence from any source raises the issue that the defendant is guilty only of the lesser-included offense, the instruction must be submitted. *Forest v. State,* 989 S.W.2d 365, 367 (Tex.Crim.App.1999); *Paz,* 44 S.W.3d at 100. Credibility of the evidence and whether it conflicts with other evidence is not to be considered when determining whether the jury should have been charged with a lesser-included offense. *Banda v. State* 890 S.W.2d 42, 60 (Tex.Crim.App.1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); *Paz,* 44 S.W.3d at 100.

### 2. Analysis

 Appellant was charged with capital murder for intentionally or knowingly causing the death of an individual while in the course of committing or attempting to commit a robbery. *See* Tex. Penal Code Ann. § 19.03(a)(2). A person commits the offense of murder if he intentionally or knowingly causes the death of an individual. *See* Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2003).

Under prong one of the standard for determining whether a defendant is eligible for a jury charge on a lesser-included offense, we compare the elements of the charged offense, as modified by the indictment, with the elements of the lesser offense that might be added to the jury charge. *Guzman,* 188 S.W.3d at 188. We compare the elements of both offenses to determine whether, in proving the offense as charged, the State necessarily had to prove all the elements of the lesser offense, plus something more. *Id.* at 189 & n. 7 (applying Code (Tex.Crim.App. Proc. Ann. art. 37.09 (Vernon 2006))). If prong one is met, we then consider, under prong two, whether there is some evidence from which a jury rationally could find that, if defendant is guilty, he is guilty only of the lesser offense. *Id.* at 189. At this step of the analysis, "the evidence must establish the lesser-included offense as a valid, ra-

tional alternative to the charged offense." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim.App.2007).

Here, the elements of capital murder, as alleged in the indictment, are that (1) the defendant, (2) while in the course of committing and attempting to commit a robbery of complainant, (3) intentionally caused the death of the complainant by cutting the complainant with a deadly weapon, namely, a knife. *See* Tex. Penal Code Ann. § 19.03(a)(2). The elements of the lesser offense of murder are (1) the defendant, (2) intentionally or knowingly, (3) causes the death of an individual. *Id.* § 19.02(b)(1). The first prong of the test is met because the Texas Court of Criminal Appeals has recognized that intentional murder is a lesser-included offense of capital murder. *Robertson v. State*, 871 S.W.2d 701, 706 (Tex.Crim.App.1993), *cert. denied*, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994). Hence, appellant was entitled to a charge on a lesser-included offense if prong two is met, that is, if there is some evidence in the record that would permit a jury rationally to find that, if guilty, appellant was only guilty of the lesser offense of murder. *See Guzman*, 188 S.W.3d at 189.

█ Here, to support the charge of capital murder, the State was required to prove that appellant's intent to rob Mr. Acosta was formed before or at the time of the murder. *See Conner v. State*, 67 S.W.3d 192, 197 (Tex.Crim.App.2001). Proof that a robbery occurred as an afterthought and unrelated to the murder does not support a charge of capital murder. *Id.* If the requisite intent to commit a robbery was formed prior to or at the time of the murder, the element of appropriation may occur after the murder. *See Nelson v. State*, 848 S.W.2d 126, 132 (Tex. Crim.App.1992), *cert. denied*, 510 U.S. 830, 114 S.Ct. 100, 126 L.Ed.2d 66 (1993). We

consider whether there is some evidence that would permit a jury rationally to find that appellant had not formulated an intent to rob Mr. Acosta before or as he killed him. *See Robertson*, 871 S.W.2d at 706. If there is some evidence which negates the aggravating element or the greater offense, or if the evidence of such aggravating element is so weak that a rational jury might interpret it in such a way as to give it no probative value, then appellant was entitled to a charge on the lesser-included offense. *Id.* Here, appellant argues (1) the evidence of his intent to commit robbery is so weak that a rational jury might give it no probative value, (2) there is some evidence that negates the aggravating element of robbery and (3) the evidence is subject to a different interpretation concerning the motive for murder. We address each contention in turn.

*a. Appellant argues the evidence of appellant's intent to commit robbery is so weak that a rational jury might give it no probative value*

█ In his first argument, appellant argues the evidence of appellant's intent to commit robbery is so weak a rational jury might give it no probative value. First, appellant directs us specifically to the testimony of appellant's accomplice, Mr. Garcia, as being inconsistent and implausible. Appellant argues the only evidence of appellant's intent to commit robbery is Mr. Garcia's testimony. He further argues Mr. Garcia's conflicting accounts of the alleged plans made prior to the offense are so inconsistent that a rational jury might give Mr. Garcia's testimony no probative value. Appellant cites no authority to support his contention, and we find no merit in his argument. Tex.R.App. P. 38.1(h). First, as to the conflicting accounts presented by Mr. Garcia, it is the role of the fact finder to assess a witness' credibility and resolve conflicts in the evidence. *See*

*Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985) (examining jury's role in evaluating witness' credibility); *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982) (examining jury's role in resolving conflicts). Here, the jury was entitled to believe Mr. Garcia's testimony and give it whatever probative value it deemed appropriate. Further, circumstantial evidence was presented at trial to corroborate Mr. Garcia's testimony of appellant's intent to commit robbery. The evidence presented showing appellant's intent to commit robbery is the following: Mr. Acosta's keys were found in appellant's truck, trace amounts of cocaine were found in appellant's truck, and $302 in cash was found in appellant's pants pocket. The accomplice-witness rule is satisfied because there is some non-accomplice evidence that tends to connect appellant to the commission of the offense. *See Cathey,* 992 S.W.2d at 462.

Second, appellant contends the physical evidence purporting to show actual appropriation of property is tenuous at best. He argues Mr. Acosta's keys found in appellant's truck is not compelling evidence because Mr. Garcia testified he took Mr. Acosta's keys himself. Appellant also argues it is implausible that a murder would be committed in order to facilitate the theft of a set of keys. As for the trace amounts of cocaine found in appellant's truck, he argues the jury would have to resort to speculation in order to conclude the residue resulted from the robbery since Mr. Garcia testified he used cocaine that evening and saw appellant buy a bag of cocaine from Mr. Acosta. Furthermore, appellant argues the presence of the $302 in appellant's possession is speculative as robbery proceeds because Mr. Garcia testified he took some money from Mr. Acosta's house that he left in appellant's truck,

but gave no indication as to the amount or denomination.

Appellant's arguments that the evidence is contradictory is not for our determination. It is the role of the fact finder to assess witness' credibility and to resolve conflicts in the evidence. *See Bonham,* 680 S.W.2d at 819 (examining jury's role in evaluating witness' credibility); *Bowden,* 628 S.W.2d at 784 (examining jury's role in resolving conflicts). Here, the jury is entitled to disregard Mr. Garcia's testimony and infer from the evidence that appellant appropriated the property from Mr. Acosta. After reviewing the record, we cannot conclude that the evidence of such aggravating element is so weak that a rational jury might interpret it in such a way as to give it no probative value. *See Robertson,* 871 S.W.2d at 706.

***b. Appellant contends there is some evidence that negates the aggravating element of robbery***

In his second argument, appellant contends there is some evidence that negates the aggravating element of robbery. First, appellant argues that since he and Mr. Garcia took no weapons to the scene, it negates a theory of a planned robbery. Appellant cites no authority for this argument and we conclude it lacks merit. Tex. R.App. P. 38.1(h). The State does not have the burden to show appellant formed the intent to commit the robbery prior to arriving at the scene of the offense, but must only show appellant formed the requisite intent to commit robbery prior to or at the time of the murder. *Nelson,* 848 S.W.2d at 132. Thus, whether appellant brought weapons to the scene or formed his intent prior to arriving at Mr. Acosta's residence is irrelevant.

Second, appellant contends the evidence that he did not take other specific items, namely, a pile of marijuana, Mr. Acosta's wallet with cash inside, Mr. Acosta's gun,

Mr. Acosta's watch and necklace, Mr. Acosta's car, and other valuables, supports the contention that he took Mr. Acosta's keys, cocaine, and $302 in cash only as an afterthought. The State was required to show the murder was committed "in the course of committing or attempting to commit a robbery." *See* Tex. Penal Code Ann. § 19.03(a)(2). Thus, even evidence of an attempt to commit a robbery would suffice. As such, the statute does not require that the State show an actual appropriation of any property, let alone specific items. *See Bustamante v. State*, 106 S.W.3d 738, 740 (Tex.Crim.App.2003); *see Castillo v. State*, 221 S.W.3d 689, 693–94 (Tex.Crim.App.2007) (concluding that existence of money and jewelry left behind in victim's possession does not negate that murder was in course of robbery). A jury rationally could conclude that appellant removed Mr. Acosta's property, intending to take it, prior to committing the murder.

***c. Appellant contends the evidence is subject to a different interpretation concerning the motive for the murder.***

 In his third argument, appellant contends the evidence is subject to a different interpretation concerning the motive for the murder. Appellant urges his motive for killing Mr. Acosta was because Mr. Acosta was taking appellant's customers and was affiliated with a violent street gang. We agree in some instances, an instruction on a lesser-included offense may be required when evidence is subject to different interpretations. *Saunders v. State*, 840 S.W.2d 390, 392 (Tex.Crim.App. 1992). For example, if the evidence raises two inferences regarding appellant's culpable mental state, then the jury should be instructed on both inferences. *Thomas v. State*, 699 S.W.2d 845, 851 (Tex.Crim.App. 1985). However, this rule is not applicable here. First, as the State points out, there is nothing in the record to support appellant's contentions that Mr. Acosta was taking his customers or Mr. Acosta was in a violent street gang. Further, motive is not an element of murder,[3] thus the State does not have to prove appellant's motive for killing Mr. Acosta. *Clayton v. State*, 235 S.W.3d 772, 781 (Tex.Crim.App.2007).

We cannot conclude the evidence of such aggravating element is so weak that a rational jury might interpret it in such a way as to give it no probative value. *See Robertson*, 871 S.W.2d at 706. In addition, appellant failed to demonstrate there is evidence from which a jury rationally could find that, if defendant is guilty, he is guilty only of the lesser offense. *Guzman*, 188 S.W.3d at 189. Thus, we cannot conclude the evidence establishes the lesser-included offense of murder as a valid, rational alternative to the charged offense. *See Hall*, 225 S.W.3d at 536. Accordingly, we overrule appellant's first issue.

### CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

---

**3.** Appellant cites *Rushing* as holding that defendant was not entitled to instruction on lesser-included offense of murder where no evidence was presented of any alternative motive for the murder. *See Rushing v. State*, 50 S.W.3d 715, 732–33 (Tex.App.-Waco 2001), aff'd, 85 S.W.3d 283 (Tex.Crim.App.2002). This is not the holding of *Rushing*. *Rushing* requires an alternative *culpable mental state* (i.e.intent) to entitle defendant to an instruction on the lesser-included offense.