Affirmed and Memorandum Opinion filed May 10, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00596-CR

___________________

 

Dwight Frisco Robert, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 182nd District Court

Harris County,
Texas



Trial Court Cause No. 1186876

 



 

 

MEMORANDUM OPINION

            Appellant Dwight Frisco Robert was charged with the
state jail felony of theft of property of $1,500 or more but less than $20,000,[1] as enhanced by two
prior convictions.  A jury found him guilty, and the court assessed punishment
at twelve years’ confinement.  In a single issue, he contends the trial court
erred in denying his request for lesser-included charges of Classes A, B, and C
misdemeanor theft.  We affirm.

Background

            After
completing approximately one month’s training in March 2008, appellant began
working as a marketing manager at the Love’s gas station and convenience store
in Waller, Texas.  In September 2008, just two days before Hurricane Ike, a new
general manager, Morven Joseph, also began working at the Waller store.  After
Ike, Love’s was the only convenience store that was open for miles, and
business was hectic.  During that time, Joseph, who was still acclimating
himself to the store, did not perform the required daily reconciliation of shift
change paperwork against receipts for returns and exchanges. 

            In
the week beginning September 16, 2008, there was a sharp increase in the number
of returns at the Waller store.  In the four weeks before September 16, returns
had been between $317 and $594, but they rose to $1,191 in the week of
September 16 and to $2,351 in the week of October 7.

            Love’s
District Manager Kirk Johnson discussed the matter with Joseph, who then
printed the receipts that were unusually high and checked video surveillance
that corresponded to the dates on the receipts.  Appellant was the one person
who was processing the returns, and he was generally doing them when no one
else was present.  Joseph noted that significantly more returns were processed
during appellant’s shifts and the returned items were generally higher-priced
items.  Johnson terminated appellant around October 9, 2008, and the number of
returns immediately dropped.  Johnson and Joseph provided Waller police with
the receipts and video excerpts, and appellant was subsequently charged with
aggregate theft of $1,500 or more but less than $20,000, a state jail felony.

            Trial
was to a jury.  The State called Joseph, Johnson, and the investigating Waller
police officer.  The State also introduced copies of return receipts from
September 11, 2008, through October 7, 2008, and video excerpts showing
transactions from September 25 through October 7, 2008.  Appellant rested
without presenting evidence.

            Appellant
requested lesser-included offense instructions for Class A (less than $50),
Class B (between $50 and $500), and Class C (between $500 and $1500)
misdemeanor theft.  The trial court denied the request, and the jury found
appellant guilty as charged in the indictment.

Analysis

In a single issue,
appellant argues the trial court erred in denying his request for lesser-included
offense instructions.  A defendant is entitled to submission of an instruction
on a lesser-included offense if the following two conditions are met:  (1) the
offense is a lesser-included offense of the charged offense pursuant to Texas
Penal Code section 37.09; and (2) the record includes some evidence by which a
jury could rationally find that, if the defendant is guilty, he is guilty only
of the lesser offense.  See Hall v. State, 225 S.W.3d 524, 534–37 (Tex. Crim.
App. 2007); Hernandez v. State, 171 S.W.3d 347, 351 (Tex. App.—Houston
[14th Dist.] 2005, pet. ref’d).  An offense is a lesser-included offense under
section 37.09 if “it differs from the offense charged only in the respect that
a less serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission.”  Tex. Penal Code § 37.09.  The
parties agree that misdemeanor theft is a lesser-included offense of state jail
felony theft.

In determining whether
the second condition is met, we review all the evidence presented at trial
without considering the credibility of the evidence or whether it conflicts
with other evidence.  Delacruz v. State, 278 S.W.3d 483, 488 (Tex. App.—Houston
[14th Dist.] 2009, pet. ref’d).  Anything more than a scintilla of evidence is
sufficient to entitle a defendant to an instruction on the lesser-included
offense.  Dobbins v. State, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th
Dist.] 2007, pet. dism’d, untimely filed).  It is not enough, however, for the
jury to disbelieve evidence pertaining to the greater offense.  Id.  There
must be some evidence directly germane to the lesser-included offense before an
instruction on the lesser-included offense is warranted.  Id.  In other
words, there must be some evidence that the amount of appellant’s theft was in
one of the misdemeanor category amounts rather than over $1,500. 

Regarding why the court
should have included the misdemeanor offenses, appellant argues:

            In the instant case, the district manager took
the jury through a series of recorded returns while the state played video
clips from surveillance tapes made at the Love’s truck stop.  At some points during
his explanation even the manager could not be certain whether the transaction
he was viewing was a fraudulent return or a legitimate transaction. At what
[sic] point the prosecutor asked the witness about a particular transaction,
saying, “do you still think it’s legitimate?”  The witness answered, “I can’t
be certain. It doesn’t look to be.” . . .      

            The degree of the theft in the instant case was
based on aggregate amounts from a large number of returns, many of which may or
may not have been legitimate.  A rational jury could have believed, based on
the evidence presented by the State, that . . . some of the recorded
transactions were legitimate transactions occurring in the regular flow of
business.[2]

            The cited transaction
about which the manager was uncertain involved the return of a GPS system.  The
transaction appeared on one of fifty-one return receipts and accounted for only
$238.14.  It is the only transaction about which the manager expressed
uncertainty.  Essentially, appellant is using this single transaction to argue
the jury could have disbelieved the evidence of appellant’s illicit involvement
in some of the remaining transactions, which accounted for total losses in
excess of $3,000.[3]
 Appellant has not presented evidence of any misdemeanor amount of theft nor
evidence otherwise directly germane to the requested lesser-included offenses. 
See Dobins, 228 S.W.3d at 768.

            For the preceding
reasons, we overrule appellant’s single issue.

 

Conclusion

            Having overruled
appellant’s single issue, we affirm the judgment.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Jamison, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] See Tex. Penal
Code § 31.03(e)(4)(A).





[2] Record citations omitted.





[3] Returns of beef jerky and
cigarettes alone accounted for over $1,500.  Johnson testified Love’s never had
beef jerky returned and was not allowed to accept returns on cigarettes.