No. **973-15**

IN THE
SUPREME COURT OF TEXAS

ORIGINAL

RODNEY ROCHELL
   PetiTioner

VS,

THE STATE OF TEXAS
   RespondenT

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 14 2015

Abel Acosta, Clerk

From The, 14Th CourT of Appeals, Cause Number, 14-14-00386-CR

And The, 176Th DisTrict CourT, For, Harris CounTY,

Cause Number, 1383622, The Honorable, _Stacey Bond_

PetiTion For Review

PeTiTioners name: Rodney Rochell

PeTiTioners Address: William P. ClemenTs UniT, 9601 SPur 591
                      Amarillo, Texas, 79107-9606

PeTiTioners TelePhone: 806-381-7080

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

1.

## Identity of Parties and Counsel

The following constitutes a list of all parties to the Trial courts final Judgment and the names and addresses of all Trial and appellate Counsel:

Petitioners name. Rodney Rochell

Petitioners Trial Counsel's name, adress, Telephone:

Charles Brown
708 main suite 790
Houston Texas 77002
713-222-0733

Petitioners Appeallate counsel's name, address, Telephone:

Mandy Miller
Mandy Miller Legal, PLLC
2910 Commercial Centre Blvd. Suiet 103-201
Katy, Texas, 77494
(832)-900-9884

Respondents name. THE STATE OF TEXAS

Respondents Trial Counsel's name, address, Telephone:

Nicholas M. Socias
Harris county District Attorney
1201 Franklin Suite 600
Houston Texas 77002
(713) 755-5809

Respondents cAppellate counsl's name, address, Telephone:

Alan Curry
Harris County District Attorney
1201 Franklin Suite 600
Houston Texas 77002
713 755-5826

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel... 2

Index of Athorities... 4

Statement of The Case... 5

Statement of Jurisdiction... 7

Issues Presented... 7

Statement of Facts... 7

Summary of The Argument... 8

Prayer for Relief... 8

Certificate of Service 9

# INDEX OF AUTHORITIES

Cases, Statutes and Other Authorities:

◆

Tex. Penal Code Ann. § 1.07 (a) (8)

Tex. Penal Code Ann. § 29.02 (a) (1)

◆

# STATEMENT OF THE CASE

Petitioner was charged and indicted for Robbery, and a Two day Trial commenced in May of 2014 in The 176th Judicial district court, Harris county, Texas. A Jury convicted Petitioner for Robbery and The Trial court assessed punishment at 35 years imprisonment. Petitioner filed a Timely appeal in The Fourteenth court of appeals, in which The appellate court affirmed The Trial Courts decision. Petitioner contends That The Fourteenth court of appeals erred in its interpretation of Law pertaining To Tex. Penal code Ann. § 1.07 (a) (8).

## Trial Court information

Trial Court Judge: **Stacey Bond**

Trial Court name and number: 176th Judicial district court

Trial Court County: Harris county

Trial Court Cause number: 1383622

Trial Court Ruling: Guilty / punishment assessed at 35 years

## Court of Appeals Information

### Parties in The court of Appeals

Appellant: RODNEY ROCHELL

Appellee: THE STATE OF TEXAS

### OTHER PARTIES

Trial counsel: Charles Brown

Appellate counsel: Mandy Miller

District attorney: Carly Dessauer

State Prosecuting attorney: Lisa McMinn

# Information about The Court of Appeals

Court of Appeals Number:  14-14-00386-CR

Justices deciding appeal:  Justice Boyce

Justice McCally

Justice Donovan

Author of Courts opinion:  Justice William J. Boyce

Author of any Separate opinion:  No separate opinion filed

Citation of Opinion:  Non Published, Tex. R. App. P. 47.2(b)

## Motions for Rehearing

Appellant Has not filed a Motion for Rehearing, Nor a Motion for Reconsideration en banc. But has Proceeded To This Honorable court, and Petitioned for Discretionary Review of Lower Courts findings on matters of Law, Specifically Tex. Penal Code Ann. § 1.07 (A)(8)

## STATEMENT OF JURISDICTION

The Texas Court of Criminal Appeals - The Supreme Court of Texas - and juris in has jurisdiction pursuant To The following SubsecTion of The Texas GovermenT code SecTion 22.001 (A) (6).

## Issue PresenTed...

An error of The law has been CommiTTed of imporTance To The jurisprudence of The STaTe. The validiTy of The use of Texas Penal code Ann. § 1.07 (A) (8), in such a singular and broadsweeping manner, is ouTside The inTended LegislaTive inTenT.

## STATEMENT OF FACTS

PeTiTioner was indicTed in Harris CounTy Texas, for Robbery of complainanT Diamond Guillory. A Two day Trial was held in May 2014, in which a jury ConvicTed PeTiTioner of Robbery and Trial courT assesed his punishmenT aT 35 years imprisonmenT. PeTiTioner conTends ThaT The Trial courT CommiTTed reversible error in denying his requesT for a lesser-included insTrucTion on ThefT. PeTiTioner appealed from The 176Th DisTricT CourT of Harris CounTy, Texas, To The FourTeenTh CourT of Appeals, Cause number 14-14-00386-CR. In a Memorandum Opinion filed June, 16Th, 2015, AuThored by JusTice, William J. Boyce, The FourTeenTh CourT of Appeals AffirmedThe Trial courTs ruling. This opinion was unpublished pursuanT To Tex. Rules. App. Proc. 47.2 (b). PeTiTioner conTends The STaTe did noT meeT iT's burden of proof in proving every elemenT of The crime. SpecificIy, The "causing bodily injury" required for robbery. The Honorable FourTeenTh CourT of appeals, affirmed The Trial courTs decision and on July 26Th, 2015, AppellanT counsel filed a moTion for exTension of Time To file This PeTiTion for disercTionary review.

# SUMMARY OF THE ARGUMENT

Petitioner was charged and indicted for robbery, and after a two day trial in May of 2014, was found guilty and punishment was assessed by the trial court at 35 years imprisonment. Petitioner appealled and appellate court affirmed trial courts decision. Petitioner contends that the Honorable Fourteenth court of appeals erred in it's decision to affirm. The appeals court relyed one the erroneous interpretation of Tex. Penal Code Ann. § 1.07 (a) (8) (vernon supp 2014), wich broadly defines "bodily injury" as "physical pain, illness, or any impairment of physical condition". Petitioner contends that the trial court erred in not allowing the lesser included instruction on theft. Petitioner challenges the element of bodily injury, wich is required to uphold the finding of Robbery rather than theft. There were no witnesses to the alledged alltercation outside the Ace chash express who actually saw Petitioner strike complainant. There were no physical injuries visible when the police arrived on scene, and the complainant refused any medical treatment. Complainant did not complain of any physical pain nor have any visable injuries. Pursuant to Tex. Penal code Ann. § 29.02 (a) (1) "A person commits robbery if in the course of committing theft and with intent to obtain or maintain control of the property, he, intentionally, knowingly, or recklessly causes bodily injury to another". Petitioner contends he did not cause any harm to complainant. This honorable court has authority, jurisdiction, as well as a duty to decied matters of law which are used outside their legislative intent. To say that "bodily injury" is any "physical pain or illness" and use this in such a broad sweeping manner when there is no complaint or evidence of any physical injury by the victim, is clearly outside the intended purpose of Tex. Penal Code Ann § 1.07 (a) (8).

=== PRAYER ===

Wherefore, Petitioner Prays this honorable court would grant this Petition for discretionary reveiw and inso doing make a finding on matters of law brought forth herein.

Respectfully submitted

*Rodney Rockell*

PRO-SE Petitioner

8.

## CETIFICATE OF SERVICE

    I certify That foregoing Petition for discretionary reveiw is True and Correct and That The same was served by mail from The William P. Clements unit of The Texas Dept. of Criminal Justice InstiTuTionall division on:

The __9th__, day of, September, 2015.

<span style="float:right">*Rodney Rochell*<br>PRo-SE -PeTiTioner</span>

**Affirmed and Memorandum Opinion filed June 16, 2015.**



In The

# ℑourteenth Court of Appeals

---

## NO. 14-14-00386-CR

---

**RODNEY ROCHELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1383622**

---

## MEMORANDUM OPINION

A jury convicted appellant Rodney Rochell of robbery,[1] and the trial court assessed his punishment at 35 years' imprisonment. Appellant contends that the trial court committed reversible error in denying his request for a lesser-included instruction on theft. We affirm.

---

[1] *See* Tex. Penal Code Ann. § 29.02(a)(1) (Vernon 2011).

## BACKGROUND

Appellant was indicted for robbery of complainant Diamond Guillory. A two-day trial was held in May 2014.

Complainant testified that she went to the ACE Cash Express with her aunt Tarsha Holmes to buy money orders on April 3, 2013. Complainant waited in line and observed appellant trying to "cash a fake check." Unable to cash his "check," appellant remained in the ACE Cash Express. Complainant also testified that, as she was paying for a money order, appellant pushed her to the ground, took her money, and ran out of the ACE Cash Express. Complainant chased appellant, who was trying to drive away in a grey Ford Ranger, as she was yelling at Holmes for help. According to complainant, Holmes was on the phone at the time and did not hear complainant at first. Complainant further testified that, while appellant tried to start the grey Ranger with the driver's side door still open, appellant began to punch her in the face and head. Once appellant was able to start the grey Ranger, he backed out and drove away. At that time, Holmes heard complainant yelling and saw appellant drive off in the grey Ranger. Complainant testified that Holmes chased after appellant in her vehicle.

Holmes testified that she did not hear complainant yelling at first and did not see her come out of the ACE Cash Express because she was sitting in her vehicle with her four-year-old niece with the windows up. Only after she noticed another woman exit the ACE Cash Express did Holmes look up and hear complainant's yelling. As Holmes got out of her vehicle, appellant fled. Holmes got back in her vehicle and followed appellant until she was able to give the grey Ranger's license plate information to police over the phone. Holmes then returned to the ACE Cash Express.

ACE Cash Express teller Chelsea Bankston testified that appellant snatched

2

the money out of complainant's hands and walked away. Appellant did not run to the grey Ranger until complainant grabbed appellant at the door of the ACE Cash Express. Bankston testified that, after appellant got into the grey Ranger, complainant grabbed the door and appellant began punching her in the face with a closed fist. Bankston testified, "I think he hit her so fast that it didn't quite register in her head, but she was hit." On cross-examination, Bankston testified that appellant knocked complainant down in the parking lot and that, while she saw appellant throw punches, Bankston did not see appellant actually hit complainant.

Houston Police Officer Jose Delacruz testified that he and his partner, Officer John Gonzalez,[2] were dispatched to the ACE Cash Express to respond to a robbery on April 3, 2013. Officer Delacruz spoke to complainant outside of the ACE Cash Express and tried to calm her down. Because Officer Delacruz had the grey Ranger's license plate number, he and Officer Gonzalez searched for and located it near the address to which the license plate was registered. Officers Delacruz and Gonzalez detained Alvin Woods, whom they found driving the grey Ranger. Woods told Officer Delacruz that he had lent his grey Ranger to appellant. Complainant and Holmes confirmed Woods was not the person who robbed complainant. Woods then led Officer Delacruz and Officer Gonzalez to appellant's home.

Complainant later identified appellant's photograph in a lineup as the person who robbed her. When police tried to serve appellant with a warrant, appellant fled and was later found hiding in an attic.

At trial, appellant's counsel requested an instruction for the lesser-included offense of theft, which the trial court denied. The jury found appellant guilty of

---

[2] Officer Gonzalez's name has been spelled "Gonzalez" and "Gonzales" in the record. For the purpose of consistency, we will refer to him as "Officer Gonzalez."

robbery as charged. After appellant pleaded true to two enhancement paragraphs, the trial court assessed his punishment at 35 years' imprisonment. Appellant filed a timely appeal.

## ANALYSIS

Appellant contends that the trial court erred in denying his request for a lesser-included instruction on theft because there was more than a scintilla of evidence that affirmatively established that he did not strike complainant.

We review a complaint of jury-charge error under a two-step process. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). First, we determine whether error occurred. *See id.* If we find error, we then evaluate whether error caused sufficient harm to require reversal. *See id.*; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

A trial court errs in denying a defendant's request for a jury instruction on a lesser-included offense if two conditions are satisfied: (1) "the offense is actually a lesser-included offense of the offense charged" in the indictment; and (2) there is some evidence in the record "from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense." *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004); *Delacruz v. State*, 278 S.W.3d 483, 488 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

Theft from a person can be a lesser-included offense of robbery. *Earls v. State*, 707 S.W.2d 82, 84 (Tex. Crim. App. 1986) ("Theft, by whatever method committed, is necessarily included in the alleged elements of the greater offense of robbery, when, as in the instant case, the indictment alleged 'in the course of committing theft.'"). The first condition is satisfied in this case because theft is a lesser-included offense of robbery as alleged in the indictment, and the State

4

concedes that "theft is a lesser included offense of appellant's charged offense of robbery."

In determining whether the second condition is satisfied, we review all of the evidence presented at trial without considering its credibility or whether it conflicts with other evidence. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *Delacruz*, 278 S.W.3d at 488. Evidence cannot be reviewed in isolation or "examined in a vacuum." *See Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986). "A defendant is entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). However, it is not enough that the factfinder may disbelieve crucial evidence pertaining to the greater offense; rather, there must be some evidence directly germane to the lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011).

"[A] lesser included offense may be raised if evidence either affirmatively refutes or negates an element establishing the greater offense, or the evidence on the issue is subject to two different interpretations, and one of the interpretations negates or rebuts an element of the greater." *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996) (citing *Saunders v. State*, 840 S.W.2d 390 (Tex. Crim. App. 1992)). A witness's lack of certainty cannot be interpreted as evidence that affirmatively negates or rebuts. *See Massey v. State*, 933 S.W.2d 141, 155 (Tex. Crim. App. 1996) (holding that failure to be 100 percent certain does not raise evidence for purposes of a lesser-included offense); *Arzaga v. State*, 86 S.W.3d 767, 780 (Tex. App.—El Paso 2002, no pet.) (failure to observe a cut on the inside

5

of complainant's mouth does not rebut or negate the fact that she suffered an injury); *see also Lopez v. State*, No. 08-05-00032-CR, 2007 WL 258428, at *6 (Tex. App.—El Paso Jan. 31, 2007, pet. ref'd) (not designated for publication) ("[O]ne witness's failure to observe an injury does not, in and of itself, rebut or negate the fact that an injury occurred."). "'If a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required.'" *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (quoting *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985)) (emphasis omitted).

A person commits robbery if in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. *See* Tex. Penal Code Ann. § 29.02(a)(1) (Vernon 2011). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a) (Vernon Supp. 2014).

According to appellant, Bankston testified that she saw appellant throw punches but did not see complainant actually get hit. Appellant argues that this testimony is evidence that appellant in fact did not strike complainant and complainant was not injured. Additionally, appellant argues that, because Holmes testified that she did not see the altercation between appellant and complainant, this is evidence that the altercation did not occur. Appellant also argues that Officer Gonzalez's testimony that he did not see any physical injuries on complainant and complainant refused medical treatment constitutes evidence that complainant was not injured. Lastly, appellant contends that, because the jury requested to hear Bankston's cross-examination testimony during deliberations, some evidence

6

raised an issue of fact as to whether appellant is guilty of only the lesser-included offense.

We first address appellant's contention that Bankston's testimony constitutes evidence that he did not strike complainant in this case. Bankston testified as follows:

[THE STATE:] All right. Where do you see this person walk out with the money? Where does he go?

[BANKSTON:] To the vehicle parked right there in the front. (Indicating)

[THE STATE:] Around there?

[BANKSTON:] Yes. (Indicating)

[THE STATE:] And what happens? What does the victim do?

[BANKSTON:] She — as he hopped in the car, he still had his door open and the window was down. So she grabbed the door and he was hitting her as she was trying — she kept saying, sir, give me my money. And she was trying to stop the vehicle. And then an old lady tried to help and he almost ran over the old lady.

[THE STATE:] And how was he — how as the guy punching the victim? Like you said, do you remember which hand or do you remember was it a close fist? I know it's been a while.

[BANKSTON:] It was a closed fist.

[THE STATE:] And he's punching her in the face?

[BANKSTON:] Yes, basically trying to get out of the building.

\*         \*         \*

7

[BANKSTON:] I think he hit her so fast that it didn't quite register in her head, but she was hit.

[THE STATE:] She got punched in the face?

[BANKSTON:] Yes.

On cross-examination, Bankston testified as follows:

[DEFENSE ATTORNEY:] And you say that you saw punches. Did you actually see the punches or did you —

[BANKSTON:] I actually seen them.

[DEFENSE ATTORNEY:] Okay. Did you see anybody get actually hit?

[BANKSTON:] No, sir. No, sir.

We reject appellant's argument because Bankston's failure to observe appellant's blows as they struck complainant does not affirmatively rebut or negate the fact that appellant struck complainant — and, thus, does not negate the element of "causing bodily injury" required for robbery. *Cf. Massey*, 933 S.W.2d at 155. Bankston's testimony does not tend to show that complainant received no blows; she merely testified on cross-examination that she did not see complainant get hit. Further, we cannot view evidence in isolation or examine it in a vacuum. *See Godsey*, 719 S.W.2d at 584. Bankston testified on direct-examination that she saw appellant punch complainant in the face with a closed fist.

We also reject appellant's reliance on Holmes's testimony that she did not see the altercation between appellant and complainant. Holmes did not affirmatively testify to the absence of an altercation; she testified that she did not see the altercation because she was sitting in her vehicle with her four-year-old niece with the windows up.

We likewise reject appellant's reliance on Officer Gonzalez's testimony regarding observation of injuries to complainant. The Texas Penal Code broadly defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." *See* Tex. Penal Code Ann. § 1.07(a)(8) (Vernon Supp. 2014); *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Any physical pain, however minor, will suffice to establish bodily injury. *See Laster*, 275 S.W.3d at 524. The definition of "bodily injury" does not specifically require visible manifestation of pain. *See* Texas Penal Code § 1.07(a)(8). Additionally, complainant's refusal to call for medical treatment is not affirmative evidence that complainant did not feel pain and was not injured. *See Wilkerson v. State*, 391 S.W.3d 190, 198 (Tex. App.—Eastland 2012, pet. ref'd) (instruction of lesser-included offense of theft was not required when complainant stated he experienced pain but also stated he was "okay" and no ambulance was called).

Complainant's testimony affirmatively establishes that she was hit, and appellant provides no evidence to rebut or negate her testimony. The jury's motive for requesting Bankston's testimony is not clear and, therefore, does not raise an issue of fact as to whether appellant is guilty of only the lesser-included offense.

Based on the record before us, we conclude there is no evidence showing that appellant is guilty only of the lesser-included offense of theft; there is not a scintilla of evidence to entitle appellant to an instruction on the lesser-included offense. *See Cavazos*, 382 S.W.3d at 383; *Bignall*, 887 S.W.2d at 24. Therefore, the trial court did not err in denying appellant's request for a jury instruction on the lesser-included offense of theft. We overrule appellant's sole issue.

9

## CONCLUSION

We affirm the trial court's judgment.

/s/    William J. Boyce
           Justice

Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

10